### STATE OF CONNECTICUT *v.* LARSON JACKSON
### (3128)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued November 7, 1984—decision released January 8, 1985

*Raymond B. Dunn,* special public defender, with whom, on the brief, was *Lucia B. Brooks,* for the appellant (defendant).

*C. Robert Satti, Jr.,* assistant state's attorney, with whom, on the brief, were *David Newman,* assistant state's attorney, and *Shaun Splan,* law student intern, for the appellee (state).

BORDEN, J. The defendant was convicted of burglary in the third degree in violation of General Statutes § 53a-103 and of larceny in the sixth degree in violation of General Statutes § 53a-125b. This appeal[1] raises two claims, neither of which has merit.

The defendant first argues that the trial court erred in ruling on his motion in limine which sought to preclude the state from using his seven prior convictions to impeach his credibility in the event he testified. These prior convictions were as follows: Burglary in the third degree, on February 4, 1976; burglary in the third degree, on June 29, 1977; burglary in the third degree and larceny in the second degree, on September 1, 1978; robbery in the first degree, on February 27, 1979; burglary in the third degree, on July 27, 1979; and burglary in the third degree, on February 8, 1983. After jury selection but before the state began to present its evidence, the court ruled that the state would be permitted to use only four of the convictions, namely the convictions in 1978 for burglary in the third degree and larceny in the second degree, the conviction in 1979 for robbery in the first degree, and the conviction in 1979 for burglary in the third degree. The defendant took no exception. The trial court then revised its ruling to permit only the conviction in 1977 for burglary in the third degree, the conviction in 1979 for robbery in the first degree and the conviction in 1979 for burglary in the third degree. The defendant took an exception to this ruling. The next day, after the state had

---

[1] The judgment of conviction was rendered on January 30, 1984. The defendant mistakenly appealed to the Supreme Court, which transferred the appeal to this court pursuant to Practice Book § 3076.

begun presenting its evidence, the court, sua sponte, further revised its ruling to permit only the conviction in 1979 for robbery in the first degree, the conviction in 1979 for burglary in the third degree and the conviction in 1983 for burglary in the third degree. The defendant took no exception to this ruling.

The defendant did not testify. The defendant's counsel, in arguing the motion in limine, represented that he felt it necessary for the defendant to testify and that the purpose of the motion was to insulate him from undue prejudice in that event. The court agreed that, because of the extensiveness of the defendant's record and the similarity of the prior convictions to the crimes charged in this case, use of the convictions would be prejudicial. It also properly noted, however, that the defendant's record was not the fault of the state, and that the prejudicial effect of the convictions had to be weighed against their probative value. Before resting his case, the defendant testified in the absence of the jury that he declined to testify on the advice of his counsel. Although the defendant could have stated the reason for his decision more crisply, and although in advancing his motion he made no attempt to indicate to the court the nature of the evidence in the case, including what his testimony would be if he took the stand; *State* v. *Binet*, 192 Conn. 618, 624 n.4, 473 A.2d 1200 (1984); we assume arguendo that he made a sufficient showing of "the specific harm that will occur if the convictions are introduced"; *State* v. *Braswell*, 194 Conn. 297, 308, 476 A.2d 568 (1984); and that his failure to testify was motivated by the ruling of the court on his motion. *State* v. *Iasevoli*, 188 Conn. 325, 328, 449 A.2d 996 (1982).

The defendant's failure to take an exception to the trial court's final ruling is fatal to his claim on appeal. "An exception to [a] ruling [on the admission of evidence] must be taken in order to make it a ground of

appeal." Practice Book § 288. Evidentiary rulings ordinarily must be preserved for appellate review by an exception. *State* v. *Hoffler,* 174 Conn. 452, 461, 389 A.2d 1257 (1978). "The purpose of requiring an attorney to except is not merely formal. An exception serves the important function of alerting the trial court to error while there is time to correct it without ordering a retrial." *State* v. *Jones,* 193 Conn. 70, 88, 475 A.2d 1087 (1984). The defendant does not claim, nor has he demonstrated, deprivation of a fundamental constitutional right which would permit appellate review in the absence of an exception. Cf. *State* v. *Cook,* 174 Conn. 73, 75–76, 381 A.2d 563 (1977).

The defendant claimed in oral argument in this court that his exception to the court's second ruling sufficed as an exception to the court's ultimate ruling because it was a "continuing exception." This argument is without merit. Our practice does not countenance a continuing exception, at least in the absence of something specific in the record indicating that the court is permitting it in the interest of economy. This record is barren of any such indication. The ruling to which he did except was made on a different date and at a different stage of the proceedings from that which the court ultimately made. When the court made its ultimate ruling, "the defendant could then have reminded the court of his previous exception . . . and reiterated his exception if he found the court's [ruling] insufficient" to protect his rights. *State* v. *Jones,* supra.[2]

---

[2] Furthermore, a limited review of the ruling, undertaken in order to be sure that no injustice was done to this defendant, indicates that the court did not err. The prior convictions which it permitted, namely robbery and burglary, are associated with larceny, imply dishonesty and have, therefore, a direct bearing on credibility. *State* v. *Carter,* 189 Conn. 631, 643, 458 A.2d 379 (1983). The record also makes clear that the trial court scrupulously performed its weighing task and minimized the prejudice to the defendant by permitting only three of his seven prior convictions.

The defendant's second claim is that the court erred in denying his motion for a mistrial, which was based on his assertion that one of the jurors, while using the telephone in a hallway during a break in the proceedings, saw him in handcuffs. The defendant was incarcerated in lieu of bond during the trial. He could not identify which juror saw him, but asserted that it was not one of the alternates. The court indicated that the defendant was not prejudiced, and that "the situation was rather innocuous."

The defendant declined the court's invitation, made after it denied his motion for a mistrial, to ask the jurors if any of them did in fact see him, but he accepted the court's suggestion that a curative instruction be given in general terms as part of the charge to the jury. The defendant submitted such an instruction, which the court adopted.[3]

A mistrial should be granted "only where it is apparent to the court that as a result of some occurrence during trial a party has been deprived of the opportunity for a fair trial." *State* v. *Ubaldi,* 190 Conn. 559, 562, 462 A.2d 1001, cert. denied, 464 U.S. 916, 104 S. Ct. 280, 78 L. Ed. 2d 259 (1983). "Because of the trial court's broad discretion in passing on motions for mistrial"; *State* v. *DeMatteo,* 186 Conn. 696, 704, 443 A.2d 915 (1982); "its determination as to the fairness of the defendant's trial must be afforded great weight." *State* v. *Ubaldi,* supra, 563. Because of the uncertainty of whether a juror did see the defendant in handcuffs, the

---

[3] The court charged as follows: "Now, the fact that any person accused of a crime may be in custody or may have been in custody before or during any criminal trial, has nothing to do with the question of guilt or innocence. The only reason for custody or confinement in any criminal case before or during a trial is that the accused person cannot meet the terms of his bail. It has nothing to do with guilt or innocence."

trial court's assessment of the likely lack of prejudice, and the wholly adequate curative instruction, we find no abuse of discretion in the denial of the motion for a mistrial.

There is no error.

In this opinion the other judges concurred.