STATE OF CONNECTICUT *v.* JAMES A. CUNNINGHAM
(2703)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued December 12, 1984—decision released March 12, 1985

*Preston Tisdale,* for the appellant (defendant).

*Steven M. Sellers,* deputy assistant state's attorney, with whom, on the brief, was *John M. Massameno,* assistant state's attorney, for the appellee (state).

BORDEN, J. After a jury trial the defendant was convicted of assault of a peace officer, in violation of General Statutes § 53a-167c.[1] In this appeal[2] he claims that the court erred (1) in unduly restricting his cross-examination of the police officer involved, (2) in permitting the state to amend its bill of particulars during the trial, and (3) in its supplemental charge to the jury. We find no error.

The jury could have reasonably found the following facts: Officer Ted Meekins of the Bridgeport police department was on patrol in his cruiser. While issuing a parking ticket to the operator of an illegally parked car, he saw the defendant and two others, Terry Langdon and David Kalanick, standing at a partially opened window of the defendant's house. One of the

---

[1] General Statutes § 53a-167c provides in pertinent part: "(a) A person is guilty of assault of a peace officer . . . when, with intent to prevent a reasonably identifiable peace officer . . . from performing his duty, (1) he causes physical injury to such peace officer . . . . " General Statutes § 53a-3 (3) provides: " 'Physical injury' means impairment of physical condition or pain . . . ."

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

three passed money to someone inside the house, who surreptitiously gave Langdon a small item which Langdon put in his pocket. Meekins approached them and requested that they empty their pockets. They did not comply, and the defendant told Meekins that no one had been buying drugs. Langdon, however, began to run. Meekins tripped him and, after a struggle, subdued him face-down on the ground. While the officer straddled Langdon, he formally placed him under arrest and began to handcuff him. Kalanick then kicked Meekins' feet from the left side and, from the right side, the defendant grabbed him around his neck, yanked him backwards and hit him in the head. Meekins was also kicked in the lower back, but could not say who had kicked him. Meekins arose and discharged a cannister of mace at Kalanick and the defendant. The defendant continued to resist and knocked the cannister from Meekins' hand. After a further fight with the defendant, Meekins subdued and arrested him. The defendant's assault on Meekins resulted in contusions to the left side of Meekins head, which required hospital treatment, and in pain to his shoulder and his upper back.

After this assault by the defendant, Meekins was involved in a scuffle with William Bayerle, whom he had seen near the illegally parked car, and in a further scuffle with the defendant. These scuffles did not result in any injury to Meekins.

The defendant first argues that the court violated his constitutional right of confrontation by restricting his cross-examination of Meekins regarding the source of Meekins' injuries. This argument is without merit.

The defendant sought by his cross-examination to show that Meekins' injuries stemmed, not from the assault by the defendant, but from his scuffles with Langdon, Kalanick and Bayerle, and from the subse-

quent scuffle with the defendant. The appendix to the defendant's brief, containing the cross-examination on which he bases his claim, discloses only two rulings to which he took exception. Nor does he claim to come within the *Evans* by-pass; see *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973); as to any of the other rulings. We therefore confine our inquiry to those two rulings. See *State* v. *Jackson,* 3 Conn. App. 132, 134–35, 485 A.2d 934 (1985).

The first ruling involves the defendant's attempt, on cross-examination of Meekins, to elicit from him whether his struggle with the defendant was the most violent of those he had that night. The court sustained the state's objection, to which the defendant excepted.

The trial court's traditional discretion to restrict the scope of cross-examination only comes into play after the defendant has been permitted sufficient cross-examination to satisfy the sixth amendment. The standard for the defendant's constitutional right of confrontation, as expressed through cross-examination, is met when he is " 'permitted to expose to the jury the facts from which the jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness.' " *State* v. *Heinz,* 3 Conn. App. 80, 86, 485 A.2d 1321 (1984). "Thus, a claim of undue restriction on cross-examination ordinarily involves a two-pronged analysis: whether the constitutional standard has been met, and, if so, whether the court nonetheless abused its discretion." Id.

The defendant was permitted to elicit from Meekins that his lower back was injured from the kick he received, that his shoulder and upper back were in pain from a wrenching of his neck, and that this pain was from the defendant's reaching around his neck and yanking him backwards. In the same interchange, after

Meekins testified that his pain came from the defendant's yanking him backwards, the defendant asked without objection: "Is that because that [scuffle] was most violent of the four?" Meekins answered: "That's when I received the injury."[3] Moreover, in his cross-examination, Meekins was repeatedly asked about the source of these injuries, and repeatedly responded that his injuries came only from his struggle with the defendant and not from his encounters with the others. The defendant also asked about the other scuffles, and Meekins described them sufficiently to allow the jury to make its own comparison of this struggle with the others in which Meekins engaged that night. Neither the constitution nor the sound exercise of judicial discretion required that the defendant also be permitted to elicit from Meekins his opinion as to whether his struggle with the defendant was the most violent of those he had. The constitutional standard was met, and the court did not abuse its discretion.

The same can be said of the second ruling to which the defendant excepted. The defendant asked Meekins if he had to use force in his scuffle with Bayerle. The court sustained the state's objection. Meekins had already testified, however, on cross-examination that he had a scuffle with Bayerle, that he was not injured at all in that scuffle, that Bayerle did not strike him, and that the injury to his upper back came from the defendant's yanking of him from behind. Neither the constitution nor sound judicial discretion required that the defendant be permitted to travel the same ground which his earlier cross-examination had already covered.

---

[3] The defendant at this point repeated the question concerning the violence of the struggles to get a more responsive answer. The prosecution thereupon objected and the court sustained the objection. To this, the defendant excepted. It is this ruling which is the basis of the defendant's claim.

The defendant next argues that the court erred by permitting the state to amend its bill of particulars by deleting the word "kick" from the allegation of the specific ways in which the defendant committed the crime charged. This argument is utterly without merit.

Neither the record nor the the defendant's appendix contain the original or amended bill of particulars. Thus, the defendant has failed to discharge his responsibility to supply us with an adequate record on which to review his claim. *Spera* v. *Audiotape Corporation,* 1 Conn. App. 629, 632, 474 A.2d 481 (1984). Moreover, the state represents in its brief that it was unable to locate either document in its file, in the file of defense counsel or in the trial court file. The state has, however, with professional candor reproduced for us in its brief the trial court's recitation of the amended bill of particulars in its charge to the jury. We thus review the defendant's claim on that limited basis.

Apparently, during the cross-examination of Meekins, the court permitted the state to amend the bill of particulars so that the pertinent portion of it read as follows: "The defendant did intentionally jump on and strike Officer Meekins preventing him from performing his duties and causing physical injury to said officer." This was done because it became apparent that Meekins could not identify the defendant as the one who had kicked him while he was subduing Langdon. We fail to see how the defendant was prejudiced by this elimination of one specific factual claim against which he was required to defend. The court was well within its discretion under Practice Book § 624 in permitting the amendment, because good cause was shown, no additional or different offense was charged and no substantive rights of the defendant were prejudiced.

The defendant's final claim is that the court erred in giving certain supplemental instructions to the jury.

The defendant, however, did not take exception to these instructions. Indeed, the court specifically asked: "Are there any exceptions to the additional charge?" His counsel replied: "No, your Honor." He does not claim the benefit either of the *Evans* by-pass, or the plain error doctrine. We therefore decline to review this claim. Practice Book § 3063; *State* v. *Jackson,* supra.

There is no error.

In this opinion the other judges concurred.