STATE OF CONNECTICUT *v.* DARIN JENNINGS
(2991)

DUPONT, C. J., HULL and BORDEN, Js.

Argued October 1—decision released November 19, 1985

*Preston Tisdale,* assistant public defender, for the appellant (defendant).

*C. Robert Satti, Jr.,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

BORDEN, J. After a trial to a jury, the defendant was found guilty of robbery in the third degree in violation of General Statutes § 53a-136. He appeals from the judgment of conviction claiming (1) that the denial of his midtrial discovery request amounts to a violation of due process of law, and (2) that the denial of his motion for mistrial, based on an allegedly suggestive identification procedure, constitutes reversible error. We find no error.

The jury reasonably could have found the following facts. The state's sole witness was the victim of a purse snatching incident which had occurred as she entered her place of employment in Bridgeport. As she approached the building carrying her pocketbook, papers and books, she saw a black man enter the building and then exit after a short time. She walked by him to open the door but, to her surprise, the door was locked. As she searched her pocketbook for her keys, the man stated that he must have inadvertently locked the door. He then asked her if she knew a particular individual. Upon finding her keys, the victim opened the door and turned to respond to the man. At that moment, he pushed her, grabbed her pocketbook, and ran off.

Within ten to fifteen minutes after this incident, the victim provided a description of the perpetrator to the

police. A week later, she viewed two to three hundred photographs but did not find the perpetrator's photo in that array. Approximately one month later, she viewed a second photo array containing nine photographs, and selected the defendant's photograph from that array. At trial, three months after the incident and two and one-half months after the out-of-court identification, the victim identified the defendant in court as the man who had robbed her. On direct examination, she testified that she had not seen the defendant since she selected his photograph. She was cross-examined extensively and confirmed that she was "as certain as [she] can be" that the defendant was the person who "mugged" her. She testified that the incident lasted approximately two to three minutes during which she stood within a few feet of the defendant and "had a very good view of him." In addition, she testified that she had seen the defendant twice before the robbery. On both occasions, it was daytime and the defendant was jogging on the street where she works. She specifically recalled wondering why this man was jogging on a dead-end street and testified that she had gotten used to seeing him on the block.

I

## Denial of Midtrial Discovery

Prior to trial, the defendant filed a motion for production, inspection, discovery and disclosure. The motion specifically requested "the court to permit him to inspect and/or copy all of the photographs which were shown in conjunction with the photograph of the defendant." The trial court granted this motion and the state's attorney delivered the nine-photo array to the defendant. During trial, the defendant learned that the victim had originally seen two to three hundred photographs. He then orally renewed his request for production and inspection of these photographs. See

Practice Book § 734. The trial court denied this motion. On appeal, the defendant claims this ruling deprived him of due process of law. We disagree.

The victim testified that the defendant's photograph was not among the array in question. In view of that uncontroverted testimony, the defendant's claim, as we understand it, is that nonetheless the *possibility* that his photograph was among the two to three hundred photographs in question renders this evidence sufficiently exculpatory to be subject to disclosure as of right pursuant to Practice Book § 741.

This claim is sufficiently disposed of by *State* v. *Green,* 194 Conn. 258, 480 A.2d 526 (1984), cert. denied, 469 U.S. 1191, 105 S. Ct. 964, 83 L. Ed. 2d 969 (1985). There our Supreme Court noted that "the fact that a defendant has been denied access to evidence that may be only 'arguably favorable' does not mean that his due process rights have been violated." Id., 265 n.6. "[A]s in this case, where there has been either a general or a specific [discovery] request, '[t]he evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.' " *Orsini* v. *Manson,* 5 Conn. App. 277, 280–81, 498 A.2d 114 (1985), quoting *United States* v. *Bagley,* 473 U.S. 667, 682, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985). "After reviewing the record and the defendant's broad claims of prejudice, we cannot conclude that his lack of [access to the first photo array seen by the victim] prejudiced him in any way or prevented him from obtaining a fair trial." *State* v. *Reddick,* 197 Conn. 115, 122, 496 A.2d 466 (1985).

## II

### DENIAL OF MOTION FOR MISTRIAL

The defendant's second claim of error pertains to the circumstances surrounding his entry into the courtroom before trial began. The defendant claims that he was brought into the courtroom in handcuffs by a sheriff at a time when the only other people in the room were the assistant state's attorney and the victim. He claims that he was the only guarded black male in the courtroom at the time and that his attorney was not aware of this situation until after the first day of trial. He further claims that the assistant state's attorney pointed him out to the victim during this "one on one" confrontation. He argues that this conduct under the circumstances was so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. See *State* v. *Soriano,* 2 Conn. App. 127, 131, 476 A.2d 633 (1984).

At the start of the second day of trial, the defendant made a motion for mistrial which the trial court denied after hearing the arguments of counsel. The assistant state's attorney denied in argument that he had pointed out the defendant to the victim.[1] During his argument on the motion, the defendant requested an evidentiary hearing "for purposes of making an offer of proof." This offer of proof was limited to a request by his counsel to put the defendant on the stand in order to testify to what had already been asserted in oral argument. He did not request that the victim be recalled either for purposes of his offer of proof or for further cross-examination. The trial court denied the defendant's request, indicating that the identification evidence had

---

[1] In addition to the assistant state's attorney's denial of this allegation, the record reflects the request of the assistant state's attorney for the removal of the defendant's handcuffs prior to the jury's entry into the courtroom.

already been presented to the jury in its entirety and that the appropriate time to make such a motion would have been prior to the admission of that evidence. On this appeal, the defendant presents a two-pronged claim: (1) that the trial court erred by refusing to hold a more extensive hearing than merely hearing the arguments of counsel; and (2) that the trial court erred by denying his motion for mistrial. We disagree.

At the outset, we note that the ultimate question on a motion for mistrial is whether some "conduct inside or outside the courtroom . . . result[ed] in substantial and irreparable prejudice to the defendant's case." Practice Book § 887. A mistrial is warranted "only where it is apparent to the court that as a result of some occurrence during trial a party has been deprived of the opportunity for a fair trial." *State* v. *Ubaldi,* 190 Conn. 559, 562, 462 A.2d 1001, cert. denied, 464 U.S. 916, 104 S. Ct. 280, 78 L. Ed. 2d 259 (1983); *State* v. *Jackson,* 3 Conn. App. 132, 136, 485 A.2d 934 (1985). A motion for mistrial is directed to the trial court's "broad discretion." *State* v. *DeMatteo,* 186 Conn. 696, 704, 443 A.2d 915 (1982). Similarly, whether to hold an evidentiary hearing on a motion for mistrial is within that same broad discretion. See *Moore* v. *Illinois,* 434 U.S. 220, 230–31 n.5, 98 S. Ct. 458, 54 L. Ed. 2d 424 (1977). Our inquiry, therefore, is limited to determining whether under these circumstances the trial court abused its discretion in refusing to grant a full evidentiary hearing on the defendant's motion for mistrial.

The situation presented in this case is distinguishable from the more familiar situation where a criminal defendant makes a colorable claim of impermissibly suggestive identification procedures prior to the admission of the identification evidence. See, e.g., *State* v. *Oliver,* 160 Conn. 85, 90, 273 A.2d 867 (1970), cert. denied, 402 U.S. 946, 91 S. Ct. 1637, 29 L. Ed. 2d 115 (1971). In those instances, it is "proper procedure" for

the trial court to hold "a preliminary evidential hearing in the absence of the jury to determine whether the proffered in-court identification was based on or tainted by an unconstitutional confrontation." *State* v. *Duffen,* 160 Conn. 77, 82, 273 A.2d 863 (1970), cert. denied, 402 U.S. 914, 91 S. Ct. 1397, 28 L. Ed. 2d 657 (1971); cf. *Watkins* v. *Sowders,* 449 U.S. 341, 101 S. Ct. 654, 66 L. Ed. 2d 549 (1981) (defendant not constitutionally entitled to such a hearing outside presence of jury).

In the present situation, however, the defendant sought a hearing in the context of a motion for mistrial after he had been identified by the victim in court and after all of the evidence pertaining to identification had been presented in its entirety to the jury.[2] Thus, the defendant's request for an evidentiary hearing was not made in the context of a challenge to the admissibility of the evidence of identification. Rather, the request was made in the context of a challenge to the overall fairness of his trial. See *State* v. *Ubaldi,* supra. Therefore, in order to establish that the trial court abused its discretion, the defendant must make a colorable claim that a "substantial likelihood of misidentification"; *State* v. *Fullwood,* 193 Conn. 238, 245, 476 A.2d 550 (1984); existed and he must also demonstrate the potential for "substantial and irreparable prejudice to [his] case." Practice Book § 887. The defendant's claim fails to cross both of these thresholds.

"Because reliability is the linchpin in determining the admissibility of identification evidence, we must con-

---

[2] Although the defendant objected to the admissibility of the photographs on the basis of inconsistencies in the victim's description and inadequacies in the number of groupings used by the police; cf. *State* v. *Panella,* 168 Conn. 532, 538–39, 362 A.2d 953 (1975); he has not briefed this issue. Since the defendant has chosen to brief only the issue of the denial of his motion for mistrial, other claims which might fit under the broad rubric of impermissible identification procedures are deemed abandoned. See *State* v. *Hinton,* 196 Conn. 289, 291 n.2, 493 A.2d 836 (1985).

sider whether under the totality of circumstances the identification was reliable." *State* v. *Nelson,* 4 Conn. App. 514, 517, 495 A.2d 298 (1985). The factors established for purposes of testing the ultimate reliability of identification evidence include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. Id., 517–18. Moreover, when additional procedural safeguards are requested, it is appropriate to consider as countervailing factors the avoidance of fishing expeditions and undue congestion of the criminal dockets. See *State* v. *Dolphin,* 195 Conn. 444, 457, 488 A.2d 812 (1985). Applying these factors, we conclude that the defendant has failed to establish a colorable claim of misidentification which would warrant additional proceedings.

Regarding the length of time involved, we cannot say that a period of one month between the date of the crime and the out-of-court identification, or two and one-half months between the out-of-court and in-court identifications, was significantly conducive to misidentification. Further, because the victim had seen the defendant twice before the date of the crime in daytime conditions when she was attentive, she was virtually free of doubt when she identified him in court. At trial, the defendant was granted the full opportunity to cross-examine the victim and thereby to test the reliability of her testimony. We cannot, therefore, presume on this appeal that the evidence as a whole was other than reliable. See *State* v. *Nelson,* supra.

Although a full evidentiary hearing would have provided more of a "factual backdrop" for purposes of appellate review; *State* v. *Anderson,* 178 Conn. 287, 290, 422 A.2d 323 (1979); and might, therefore, be war-

ranted under other circumstances, that is not the case here. This entire trial involved only one witness' testimony, and the record adequately reflects for purposes of appeal the allegations of the defendant, the denial of those allegations by the assistant state's attorney, and the contradictory testimony and extensive cross-examination of the identification witness. The defendant made no effort to bring that witness back to the stand. There is no indication that the defendant's motion was made for purposes of delay, or that he was on a "fishing expedition . . . ." *State* v. *Dolphin,* supra. The record as a whole, however, simply does not indicate a significant basis for a further hearing on the issue. Cf. *State* v. *Castonguay,* 194 Conn. 416, 436, 481 A.2d 56 (1984) (remanded for limited hearing). "It is enough to say that the trial judge is the arbiter of the many circumstances which may arise during a trial in which his function is to assure a fair and just outcome." *State* v. *Marquez,* 160 Conn. 47, 52, 273 A.2d 689 (1970). Accordingly, we find no error as to the first prong of the defendant's argument.

With regard to the second prong of the defendant's argument, we are unable to conclude that a mistrial was warranted. To the contrary, after carefully reviewing the record, we conclude that the defendant has not sufficiently demonstrated that degree of "substantial and irreparable prejudice"; Practice Book § 887; to justify a mistrial. Accordingly, we find no abuse of discretion by the trial court under the particular facts and circumstances of this case.

There is no error.

In this opinion the other judges concurred.