STATE OF CONNECTICUT *v.* JULIO GONZALEZ
(5344)
(5345)

BORDEN, SPALLONE, and DALY, Js.

Argued September 30—decision released December 15, 1987

*Brian S. Karpe,* with whom, on the brief, were *Kimball Haines Hunt* and *Marcia L. Reed,* for the appellant (defendant).

*Geoffrey Marion,* deputy assistant state's attorney, with whom, on the brief, were *James G. Clark* and *Herbert G. Appleton,* assistant state's attorneys, for the appellee (state).

DALY, J. The defendant appeals from the judgments of conviction, after a jury trial, of two counts of possession of cocaine with intent to sell by a non-drug-dependent person in violation of General Statutes § 21a-278 (b). On appeal, the defendant claims that the trial court erred in denying the defendant's motion for a mistrial. We find no error.

The following facts are relevant to this appeal. During the trial court's charge to the jury, the courtroom needed to be evacuated as the result of a fire alarm. While the courtroom was being evacuated, the trial court instructed the clerk to "stay close to the panel to make sure that they did not discuss or speculate about what had occurred." The court indicated to the jury "that these things happen from time to time in a building such as this." At that time, the jury was excused for the day.

On the following day, before the jury was brought back into the courtroom, the defendant's counsel made a motion for a mistrial. The counsel alleged that during the evacuation the previous day an unidentified deputy sheriff stationed behind the defendant blurted out, "[G]et the cuffs on him, we've got to get him down-

stairs and get him out of here." The sheriff allegedly repeated the statement after the defendant's counsel reprimanded him.

When this incident was brought to the court's attention, the judge asked the defendant's counsel whether he wished the court to inquire of the jury. The defendant's counsel declined the court's invitation to do so. At that point, a sheriff, who had been stationed near the jury as they left the courtroom the previous day, volunteered to the court that he had not heard the alleged statements, that he had not heard any comments from anyone, and that no jurors had turned around to indicate that they had heard anything.[1] The trial court denied the motion for a mistrial. The court did conduct a general inquiry of the jury concerning the confusing events of the previous day.[2] The trial

---

[1] In this colloquy, it was disclosed to the court that this sheriff had a slight hearing problem. The sheriff stated, however, that if the statement was made "in a voice which the whole courtroom must have heard it," as the defendant's counsel maintained, he would have heard it.

[2] "The Court: Was there *anything that happened* in the course of that momentary confusion or interruption that any of you feel, since, you know, we have our two alternates with us, do any of you feel might be troublesome for you or might affect you in any way at all with regard to your deliberations in this case?

"*And I want you to think about it very carefully* and raise your hand if you feel that that might be the case because, as you know, that's one of the reasons we have alternates remain with us until the conclusion of the charge.

"Is it fair to state, ladies and gentlemen, since I see no hands, that the entire incident that we were involved with yesterday, which was unique and certainly surprising, *and anything that happened in connection therewith,* did not affect any of you in such a way as to affect your ability to serve as fair and impartial jurors in the deliberations phase of this case?

"Is that a fair statement?

"Jurors: Yes.

"The Court: And so say you all?

"Jurors: Yes.

"The Court: Would you raise your hands?

"All right, the record will note that the jury has indicated unanimously that that's the situation." (Emphasis added.)

court asked the jurors if anything which had happened the previous day affected their ability to serve as fair and impartial jurors. The jurors unanimously indicated that nothing had happened to affect their ability to be fair and impartial. The trial court then resumed its charge to the jury, starting over again from the beginning of the charge.

The defendant's sole claim is that the trial court erred in denying the motion for a mistrial. It is the defendant's contention that the remarks by the unidentified sheriff infringed upon his constitutional right to a fair trial by diluting the presumption of innocence. We disagree.

The trial court possesses wide discretion in passing on motions for mistrial. *State* v. *Moye,* 199 Conn. 389, 395, 507 A.2d 1001 (1986); *State* v. *Jackson,* 3 Conn. App. 132, 136, 485 A.2d 934 (1985). A mistrial should be granted " 'only where it is apparent to the court that as a result of some occurrence during a trial a party has been deprived of the opportunity for a fair trial.' " *State* v. *Jennings,* 5 Conn. App. 500, 505, 500 A.2d 571 (1985). This court has quoted Practice Book § 887 numerous times in stating: "The ultimate question on a motion for mistrial is whether there was 'substantial and irreparable prejudice to the defendant's case.' " *State* v. *Kluttz,* 9 Conn. App. 686, 705, 521 A.2d 178 (1987). "Our review, therefore, is limited to determining whether under the circumstances the trial court abused its discretion in refusing to grant . . . the defendant's motion for mistrial." *State* v. *Jennings,* supra.

The defendant argues that the sheriff's remarks constituted improper ex parte statements by a court official. See, e.g., *Sher* v. *Stoughton,* 666 F.2d 791 (2d Cir. 1981); *United States* v. *Greer,* 620 F.2d 1383 (10th Cir. 1980); *Tillman* v. *United States,* 406 F.2d 930 (5th Cir.),

vacated in part on other grounds, 395 U.S. 830, 89 S. Ct. 2143, 23 L. Ed. 2d 742 (1969). This argument is misplaced because unlike those cases, these remarks, even if heard by the jury, concerned only the fact that the defendant was in custody and did not concern the sheriff's opinion as to the guilt of the defendant.

Thus, this case is analogous to cases in which the defendant claims that a juror inadvertently saw him in handcuffs.[3] See *State* v. *Jackson,* 3 Conn. App. 132, 136–37, 485 A.2d 934 (1985). Under this analysis, the defendant's claim must fail.

This record is far from clear that any juror even heard the remarks. The deputy sheriff nearest to the jurors did not hear them. The court's general inquiry of the jurors elicited absolutely no indication that the remarks had been heard, and indicated that nothing had happened that affected the jurors' abilities to be fair and impartial. In fact, the defendant's counsel subsequently admitted to the trial court in argument that he did not know whether the jurors were paying attention to the remarks, and that he could not say whether they had heard the remarks.[4]

Furthermore, the defendant took no steps to establish that the jurors heard the remarks. He declined the court's invitation to make a more specific inquiry of the jurors, and he made no request for a hearing to establish whether the remarks were heard. See *United States* v. *Carr,* 647 F.2d 867 (8th Cir.), cert. denied, 454 U.S. 855, 102 S. Ct. 303, 70 L. Ed. 2d 149 (1981)

---

[3] During the discussion of the motion for mistrial, counsel for the defendant admitted this in stating: "The only analogy I could make, your Honor, is the situation in which the defendant is seen being cuffed in the courtroom, or led down the stairs . . . ."

[4] In reference to whether the jury heard the statement, the defendant's counsel stated: "I don't know whether [the jurors] were paying attention, I can't say that."

(defendant has affirmative burden to show prejudice from possible viewing of defendant in custody by prospective jurors).

In this connection, moreover, we reject the defendant's claim that the court should have, sua sponte, held a hearing to establish whether the jurors overheard the remarks. This claim is directly contrary to the defendant's position at trial, where he urged the court to refrain from specific inquiry. See, e.g., *State* v. *Weidenhof,* 205 Conn. 262, 275, 533 A.2d 545 (1987), quoting *State* v. *Scognamiglio,* 202 Conn. 18, 25, 519 A.2d 607 (1987) ("Action induced by an appellant cannot ordinarily be a ground of error"); *State* v. *Vilhotti,* 11 Conn. App. 709, 713, 529 A.2d 235 (1987). By making its general inquiry of the jurors and not highlighting the specific remarks, the court did all that the defendant asked of it, short of the drastic step of declaring a mistrial. Under the circumstances of this case, no more was required. "Because of the uncertainty of whether a juror did [hear the remarks], the [jury's indication of] a lack of prejudice, and the wholly adequate [steps taken by the trial court], we find no abuse of discretion in the denial of the motion for a mistrial." *State* v. *Jackson,* supra.

There is no error.

In this opinion the other judges concurred.