[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition for habeas corpus relief from allegedly illegal incarceration resulting from convictions, after a joint jury trial, on two counts of possession of narcotics with intent to sell by a non-drug-dependent person, in violation of Connecticut General Statutes 21a-278(b), for which convictions the petitioner received a total, effective sentence of twenty years confinement.
The petition contains two counts, the first of which complains that the petitioner's convictions were unconstitutionally obtained because his trial counsel, Jeffrey VanKirk, rendered ineffective assistance in a variety of ways. The second count alleges that the trial court committed errors violating the petitioner's due process rights.
 I
As to the first count, our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims, Johnson v. Commissioner, 218 Conn. 403 (1991), p. 425. Under this standard, the petitioner must prove both that his trial attorney's performance was deficient, and that this deficient performance prejudiced his defense, Ibid, p. 424. If it is easier to dispose of the claim on the ground of insufficient prejudice, the habeas court need not address the question of counsel's performance, Pelletier v. Warden, 32 Conn. App. 38 (1993), p. 46. CT Page 108 Because the court concludes that an examination of the prejudice component of the Strickland test is dispositive, the court proceeds to address that issue directly.
As a factual background, the court finds that, on July 10, 1985, members of the Hartford Police Department executed a search warrant authorizing them to search an apartment at 20 Lisbon Street, Hartford. The search resulted in the seizure of numerous bags of cocaine, a gram scale, a cocaine sifter and grinder, a handgun with ammunition, a strong box, diverse materials for packaging cocaine, $810 in cash, a book containing written records of drug transactions, a photograph depicting the petitioner along with others, and a pair of pants which had a receipt attributable to the petitioner in a pocket. Materials belonging to Gloria Perez who was the leaseholder for the apartment were also seized in the apartment.
Based on the items seized pursuant to the search warrant, arrest warrants for the petitioner and Perez were obtained. Perez was apprehended shortly thereafter, but the petitioner could not be located despite several efforts to find him.
On September 4, 1985, the police, having learned that the petitioner might then be in an apartment at 112 Stonington Street in Hartford, went to that address and secured permission from the tenant, Gloria Perez's mother, to enter and search an upstairs bedroom. Upon entering the bedroom, the Hartford detective observed Perez and the petitioner sitting in a bed. Between them was a plate upon which was cocaine and two playing cards. Perez and the petitioner were both seen actively chopping the cocaine with the playing cards and mixing it with a cutting agent. The petitioner and Perez were arrested and bags of cocaine, the cutting agent, the plate, the playing cards, narcotics packaging material, and $395 in cash were also taken into custody.
The petitioner was charged, in separate informations, with various narcotics offenses arising from the incidents of July 10 and September 4, 1985. He was tried jointly before a jury on both files and was convicted of one count of possession of narcotics with intent to sell by a non-drug dependent person pertaining to each file and received the total, effective sentence noted above.
As to both incidents, the theory of the defense at trial was that the narcotics and paraphernalia belonged to Perez and that the petitioner was merely an innocent occupant of the premises in which CT Page 109 the contraband was found. Because of the quality and raw condition of the "rock" cocaine seized, the presence of instruments and materials peculiar to the processing of rock cocaine for street sale, the presence of large amounts of currency, the presence of drug transaction records, the presence of a handgun, and the absence of implements typically used to ingest cocaine, it was clear that on both occasions the narcotics were possessed with intent to distribute or sell to others and not purely for the personal use of the possessor or possessors. Thus, the substantial issue at trial was the actual identity of the possessor(s).
In its case-in-chief, the prosecution established that the narcotics seized on July 10, 1985, belonged to the petitioner by introducing the photograph seized in the apartment, the petitioner's pants and receipt which were seized in the apartment, and the testimony of Jose Davila. Davila testified that he recognized the handgun seized, which had a distinctive nick in it, as one he had seen in the petitioner's sole possession in a car a few days before the search. He also testified that he personally purchased narcotics from the petitioner at the Lisbon Street apartment on July 9, 1985, one day before the execution of the search warrant. The prosecution established the petitioner's possession of the cocaine seized on September 4, 1985, by virtue of the testimony of the Hartford police detective who entered the bedroom and personally observed the petitioner processing the rock cocaine. Consequently, the determination of the petitioner's guilt by the jury hinged on the credibility of the detective and Davila.
In order to satisfy the prejudice prong of the Strickland test, the petitioner must prove, by a preponderance of the evidence, that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, Levine v. Manson, 195 Conn. 636 (1985), p. 640. Reasonable probability means a probability sufficient to undermine confidence in the verdict, Bunkley v. Commissioner,222 Conn. 444 (1992), p. 454; that is, the petitioner must show that there is a reasonable probability that he remains burdened by an unreliable determination of guilt, Ibid.
Assuming, arguendo, that the claimed professional deficiencies occurred, and after a careful consideration of the evidence adduced at the habeas hearing, including a review of the entire trial transcript, the court finds that the petitioner has failed to meet this burden. None of the alleged errors appears to the court to bear significantly on the credibility of the detective and Davila CT Page 110 with respect to their testimony in the prosecution case-in-chief, which, as mentioned above, was crucial to link the petitioner to the narcotics.
The only alleged action or omission by trial counsel which might remotely bear on the credibility of the two witnesses was the failure to move to sever the two cases, in that the jurors might believe that each of the two witnesses' testimony bolstered the other. However, it should be noted that Davila testified only as to the July 10, 1985, event. Further, the trial judge repeatedly cautioned the jurors to evaluate the evidence and testimony as to each file separately (Petitioner's Exhibits A-1, p. 4 and 5; A-4, May 5, 1986, p. 61, p. 65, p. 79 through 82; May 6, 1986, p. 19, and p. 22). It is presumed that the jurors followed these instructions, State v. Raguseo, 225 Conn. 114 (1993), p. 131.
The court finds, despite the alleged errors, no reasonable probability that the petitioner's determination of guilt was unreliable.
 II
As to the second count, alleging violations of due process, these issues were either raised already and fully addressed by the Appellate Court in State v. Gonzalez, 13 Conn. App. 40 (1987), or should have been addressed in that appeal. The petitioner has failed to produce any evidence, much less prove that he did not deliberately bypass the orderly process of appeal with respect to these issues as is his burden, Cajigas v. Warden, 179 Conn. 78
(1979), p. 81.
For the reasons stated above, the petition is dismissed.
Sferrazza, J.