STATE OF CONNECTICUT *v.* SCOTT BROWN
(3559)

STATE OF CONNECTICUT *v.* IRA LAWRENCE
(3595)

BORDEN, DALY and BIELUCH, Js.

Argued October 15—decision released December 16, 1986

*Joseph G. Bruckmann,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellants (defendants).

*Julia DiCocco Dewey,* assistant state's attorney, for the appellee (state).

DALY, J. After a jury trial, the defendants[1] were convicted of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4); larceny in the first degree in violation of General Statutes § 53a-119; and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-134 (a) (4). On appeal from the judgments of conviction, the defendants claim that the trial court erred (1) in admitting the testimony of a New York police officer and in denying the defendants' motions for a mistrial because of such testimony, (2) in improperly

---

[1] While a third defendant, Dolphus Fudge, was also tried and convicted with the defendants, he is not involved in this appeal.

commenting on the evidence in its instructions to the jury, (3) in failing to instruct the jury properly on the element of value in regard to the larceny charge and (4) in denying the defendant Lawrence's motion for judgment of acquittal as to the charge of larceny.[2] We find no error in either of these appeals.

The jury could reasonably have found the following facts: On June 30, 1983, the Church Street branch of the Colonial Bank in New Haven was robbed of $38,010 by four men, three of whom entered the bank. One man, wearing a hat and sunglasses, and armed with a gun, took approximately $8000 from a teller. Another teller, Drumond Sykes, was forced to hand over approximately $14,000 to a man who spoke with a New York accent and wore a white tee shirt. Sykes later identified that man as the defendant Brown. This same robber also took money from a third teller. After the trio left the bank, a pair of sunglasses was discovered near Sykes' teller station. A latent fingerprint removed from the sunglasses matched the defendant Lawrence's thumbprint. Bank surveillance photographs recorded the progress of the robbery.

A state's witness, Rachael Santiago, who pleaded guilty to aiding in the robbery, stated that the defendants, a third man identified as Dolphus Fudge, and a fourth man she called "Kevin" were at her New Haven apartment on the day before, the day of, and the day after the robbery. Santiago further testified that on the day of the robbery she planted a fake bomb in a downtown New Haven building and reported it to a local television station in an attempt to divert attention from the bank. Santiago also testified that Lawrence had visited her apartment prior to the days surrounding the robbery. Two additional witnesses, Charlie Mae

---

[2] The defendant Lawrence made this motion for acquittal and it is, therefore, applicable only to him.

Rudolph and Patricia Rudolph,[3] minor sisters who lived one floor above Santiago, gave in-court identifications of the defendants. Patricia stated that she had observed the assembly of the fake bomb and had overheard the four men planning the robbery.

I

The defendants claim that it was reversible error to admit the testimony of New York police officer Joseph Perrotto. Perrotto, of the New York City police department, central robbery division of the seventy first precinct, testified as follows: that he knew the defendants; that he had seen the defendants on more than one occasion; that he had been to Lawrence's home; that he had seen Lawrence and Brown together; and that both defendants lived on the same block of East 21st Street, Brooklyn. The defendants argue that this testimony was irrelevant, prejudicial and that its admission constituted a denial of due process. The defendants' motion for a mistrial based on the introduction of this evidence was denied.

A trial court is vested with broad discretion in evaluating the relevance of evidence. Evidence is admissible if it tends to establish a fact in issue or to corroborate direct evidence. There is no exact or universal test of relevancy. Rather, each such determination must be guided by sound legal reasoning and judicial experience. *State* v. *Piskorski,* 177 Conn. 677, 695, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979); B. Holden & J. Daly, Connecticut Evidence § 67 (b). A fact is relevant to another if in the normal course of events its existence, alone or in conjunction with other facts, makes the existence of the other fact more likely or more certain. *State* v. *Blake,* 69 Conn. 64, 76, 36 A. 1019 (1897). The proba-

---

[3] We note that this witness is referred to as "Patricia" and "Patisa" in the trial record. For purposes of this opinion, we adopt the former name.

tive value of evidence is merely its tendency to persuade the trier of fact on a given issue. *State* v. *Binet,* 192 Conn. 618, 623, 473 A.2d 1200 (1984). One of the central issues in this case was whether the defendants were coconspirators. General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy." See also *State* v. *Stevens,* 178 Conn. 649, 425 A.2d 104 (1979). Thus, under the statute, and at common law, there can be no conspiracy unless there is a combination, confederation or agreement between two or more people. *State* v. *Johns,* 184 Conn. 369, 378–79, 439 A.2d 1049 (1981); *State* v. *Marra,* 174 Conn. 338, 344, 387 A.2d 550 (1978). It was incumbent upon the state to prove each element of the crime charged beyond a reasonable doubt. *State* v. *Johnson,* 190 Conn. 541, 549, 461 A.2d 981 (1983). Thus, the state had to prove the agreement between the defendants in order to prove conspiracy. Prior association of the parties in New York renders more probable the testimony of the state's witnesses that the defendants were together in New Haven both before and after the bank robbery, and that together they planned the robbery. Thus, since the testimony of Perrotto buttressed the testimony of Santiago and the Rudolph sisters, it was relevant to the issue of conspiracy.

Finally, analysis of the defendants' abuse of discretion claim regarding the admittance of the officer's testimony requires that every reasonable presumption be given in favor of the court's ruling. See *State* v. *Braman,* 191 Conn. 670, 677, 469 A.2d 760 (1983); B. Holden & J. Daly, supra, § 35, p. 64. In light of this, we cannot say that the court abused its discretion in

allowing the officer to testify, or in denying the defendants' motions for mistrial.

## II

The second claim of error is that the trial court referred to two of the state's witnesses, the Rudolph sisters, as "little girls" in its instructions to the jury and unduly emphasized the state's evidence.

"Within constitutional limitations concerning trial by jury, the nature and extent of the trial court's comments on the evidence must largely depend on the facts involved in a particular case and the manner in which it has been tried. . . . While a trial court has not only the right but often the duty to comment upon the evidence . . . it is not licensed to 'indulge in an argumentative presentation of the claims of one side.' . . . In a word, ' "[i]nstructions should not be so drawn as to direct the attention of the jury too prominently to the facts in the testimony on one side of the case, while sinking out of view, or passing lightly over portions of the testimony on the other side which deserve equal attention." ' " (Citations omitted.) *State* v. *Reid,* 193 Conn. 646, 663, 480 A.2d 463 (1984). The court has discretion to determine how much reference to the evidence is necessary in a given case. *State* v. *Vincenzo,* 171 Conn. 240, 244, 368 A.2d 219 (1976). In the present case, the trial court referred to the Rudolph sisters as "little girls." The jury saw and heard both of them testify and was repeatedly told that it was its duty alone to find the facts. The jury was therefore equipped to conclude for itself whether the Rudolphs' testimony was believable and to weigh it accordingly. Thus, the defendants' claim that the term "little girls" improperly suggested that their testimony should be more believable, is without merit. A court's charge to the jury should not be examined in a vacuum, but should be viewed in relation to all the facts in issue. *State* v.

*Taylor,* 196 Conn. 225, 232, 492 A.2d 155 (1985). In addition, while the trial court in this case did dwell upon the state's evidence more than upon the defendants', this was not unreasonable since the state presented more evidence than did the defendants. After carefully reviewing the court's comments on the evidence, we find no favoritism.

## III

The two remaining claims of error involve the larceny count and will be considered together. General Statutes § 53a-122 (a) provides in pertinent part: "A person is guilty of larceny in the first degree when he commits larceny as defined in section 53a-119[4] and . . . the value of the property . . . exceeds ten thousand dollars . . . ." The defendants contend that the jury should have been instructed that in order to convict them under this section of the statutes, it was necessary to show that each took property with a minimum value of $10,000. The defendant Lawrence further argues that, as to him, a judgment of acquittal on this count should have been rendered due to insufficient evidence.

General Statutes § 53a-121 is applicable to this case. It provides in pertinent part: "For the purposes of this part [part IX, Larceny, Robbery & Related Offenses], the value of property or services shall be ascertained as follows: . . . (b) Amounts included in thefts committed pursuant to one scheme or course of conduct . . . may be aggregated in determining the grade of the offense." The jury could reasonably have found that the aggregate sum of money taken from the various tellers was over $10,000, and that it was taken pur-

---

[4] General Statutes § 53a-119 provides in pertinent part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself . . . he wrongfully takes, obtains or withholds such property from an owner."

suant to a common scheme. Thus, the defendants cannot prevail on this claim of error.

The defendant Lawrence's claim that the evidence was insufficient to sustain a verdict against him on this count similarly fails. "The standard that applies when a jury verdict is challenged for insufficiency of the evidence is firmly entrenched in Connecticut law. ' " '[T]he issue is whether the jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt.' " ' . . . In addition, the evidence must be construed in the light most favorable to upholding the jury's verdict." (Citations omitted.) *State* v. *Tucker,* 9 Conn. App. 161, 163, 517 A.2d 640 (1986), quoting *State* v. *Monk,* 198 Conn. 430, 432, 503 A.2d 591 (1986). Our review of the evidence presented in this case reveals that the jury could have found the defendant Lawrence guilty of having committed the crime of larceny in the first degree.

There is no error on either appeal.

In this opinion the other judges concurred.