## State of Connecticut *v.* Kevin Gallman
## (6154)

Dupont, C. J., Borden and Spallone, Js.

Argued June 8—decision released September 27, 1988

*Stephen V. Moran,* deputy assistant public defender, for the appellant (defendant).

*Jay Huntington,* deputy assistant state's attorney, with whom, on the brief, was *Elpedio N. Vitale,* deputy assistant state's attorney, for the appellee (state).

Dupont, C. J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of larceny in the second degree in violation of General Statutes § 53a-123. The defendant claims that the trial court, during its jury charge, commented on the testimony of the victim but made no mention of the defendant's testimony, thereby highlighting the victim's testimony and resulting in the possibility that the jury was misled. We find no reversible error.

The jury could reasonably have found certain relevant facts. On December 24, 1986, the victim was a

patron at Yorkside Pizza in New Haven. He was introduced to the defendant by the defendant's cousin, "Lenny," an employee at Yorkside Pizza with whom the victim was acquainted. The victim and the defendant left the restaurant and walked several blocks together. They stopped at a gas station so that the victim could buy cigarettes which he paid for from $125 in cash that he had in his front pocket. Later, after continuing their walk, the defendant struck a blow to the victim's face, knocking off his glasses, and then choked the victim in a headlock and demanded his money. The victim surrendered his money to the defendant.

The victim immediately called the police. A police officer responded to the call and the victim related the incident to him and described the perpetrator. Later that night, the defendant was identified by the victim and he was taken into custody. At the time the defendant was carrying $125. At trial, the defendant and the victim both testified. The defendant's testimony consisted of the claim that he and the victim had been involved in a drug transaction on the night of the incident, that the transaction had taken place inside Yorkside Pizza and in a nearby alley and that following the transaction the defendant did not see the victim again until the defendant's arrest.

The sole issue on appeal is whether the trial court's comments on the evidence during the jury charge resulted in a possibility that the jury was misled. Specifically, the defendant contends that by summarizing the victim's testimony while failing to discuss the defendant's contrary, exculpatory testimony, the trial court unfairly directed the jury's attention to the testimony of the victim, while "sinking out of view" the testimony of the defendant.

"The trial court, in its instructions to the jury, may refer to the evidence presented, in its discretion, as long

as it does not misstate or unfairly summarize the evidence and thereby invade the province of the jury as the trier of fact." *State* v. *Mackor,* 11 Conn. App. 316, 326, 527 A.2d 710 (1987). "The ultimate test of the charge is whether, read in its entirety, it fairly presents the case to the jury so that no injustice was done." *State* v. *Storlazzi,* 191 Conn. 453, 466, 464 A.2d 829 (1983).

In this case, the trial court discussed portions of the victim's testimony as they related to the elements of the crimes of larceny in the second degree and robbery in the third degree as those crimes are defined by our general statutes.[1] The court did not comment specifically on the substance of the defendant's testimony, but indicated that the defendant had testified in his own behalf and that his testimony was to be weighed by the same principles as that of any other witness.

It is the duty of the trial court to refer to testimony in so far as it may be necessary to assist the jury to a clear understanding of the relationship of the testimony to the material facts. *State* v. *Nims,* 8 Conn. App. 631, 641, 513 A.2d 1280 (1986). "The charge must go beyond a bare statement of accurate legal principles to the extent of indicating to the jury the application of those principles to the facts claimed to have been proven." *State* v. *Sumner,* 178 Conn. 163, 170–71, 422 A.2d 299 (1979). In doing so, however, a court may not reference only the state's evidence to the exclusion of that presented by the defendant. " 'Instructions should not be so drawn as to direct the attention of the jury too prominently to the facts in the testimony on one side of the case, while sinking out of view . . . portions of the testimony on the other side which deserve equal attention. If the jury is misled thereby, judgment

[1] The defendant was charged with larceny in the second degree in violation of General Statutes § 53a-123 and robbery in the third degree in violation of General Statutes § 53a-136. The jury found him guilty of the second degree larceny charge and not guilty of the third degree robbery charge.

will be reversed.' " *State* v. *Rome,* 64 Conn. 329, 339, 30 A. 57 (1894), quoting Thompson on Trials, § 2330; *State* v. *Brown,* 9 Conn. App. 313, 318, 518 A.2d 670 (1986), cert. denied, 202 Conn. 804, 520 A.2d 1037 (1987).

In this case, the trial court summarized the victim's testimony during the portion of the charge which explained the elements of the crimes with which the defendant was charged. The court, however, failed entirely to mention the exculpatory testimony of the defendant. Accordingly, we conclude that the trial court's jury charge improperly sank the defendant's testimony "out of view." This is not a case where the trial court simply devoted more time to a review of the state's evidence than of the defendant's evidence. See *State* v. *Roy,* 173 Conn. 35, 41–42, 376 A.2d 391 (1977); *State* v. *Nims,* supra, 641. The substance of the defendant's testimony was entirely ignored by the trial court in its charge to the jury, while a full summary of the state's evidence was provided.

The trial court's error, however, was harmless unless it was so serious that it was likely to have affected the outcome of the trial. *State* v. *Gonzalez,* 197 Conn. 677, 681, 500 A.2d 1330 (1985). We conclude that the error was harmless since, under the circumstances of this case, it is unlikely that the jury was misled by the court's instructions. First, the jury acquitted the defendant of the charge of robbery in the third degree. Thus, it is apparent that the jury considered the defendant's testimony. Secondly, the jury instructions were delivered on the same day as the defendant's testimony, and it is unlikely that the court's instructions entirely overshadowed the defendant's testimony. In addition, the jury was repeatedly instructed that it was its duty alone to determine the facts, that the court's references to the facts were being used to illustrate the relevant principles of law, and that it was the jury's recollec-

tion of the evidence, rather than the court's, that was controlling. Under these circumstances, we conclude that the trial court did not commit reversible error.

There is no error.

In this opinion the other judges concurred.