STATE OF CONNECTICUT *v.* DILAVER CAZIMOVSKI
(7430)

BORDEN, O'CONNELL and FOTI, Js.

Argued September 19—decision released October 31, 1989

*Wesley S. Spears,* with whom, on the brief, was *John Loconsolo,* for the appellant (defendant).

*Rita M. Shair,* deputy assistant state's attorney, with whom were *John Connelly,* state's attorney, and, on the brief, *Marcia Smith,* assistant state's attorney, and *Maria Kahn,* law student intern, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of three counts of sale of a narcotic substance in violation of General Statutes § 21a-277 (a). The defendant claims the trial court erred in interrupting his direct examination of

a defense witness and in summarizing the evidence in a biased manner in its jury charge, and in making other improper comments to the jury. We find no error.

The defendant first claims that the trial court improperly interfered with the direct testimony of a defense witness by interrupting to ask if the state wanted to object to a question put to the witness. The defendant neither objected to the court's intervention at that time nor did he move for a mistrial because of perceived judicial misconduct. Only under exceptional circumstances will this court review a claim that is raised here for the first time. Practice Book § 4185; *State* v. *Evans,* 165 Conn. 61, 67–70, 327 A.2d 526 (1973). Review may be appropriate if a new constitutional right has arisen between the time of trial and appeal or where the record adequately supports a claim that the defendant has been deprived of a fundamental constitutional right and a fair trial. *State* v. *Evans,* supra, 70.

The decision of our Supreme Court in *State* v. *Bailey,* 209 Conn. 322, 551 A.2d 1206 (1988), sets out four discrete questions that are part of any *Evans* review.[1] *State* v. *Bailey,* supra, 329–30 n.4. First, we look to see if the defendant's claim implicates a fundamental constitutional right. Id. In response, we agree that the defendant's claim satisfies this requirement because interruption of the direct examination of a defense wit-

---

[1] "Review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 526 (1973), involves four discrete questions. ' "First, does the defendant raise an issue which, by its terms, implicates a fundamental constitutional right? . . .

" ' "Second, is the defendant's constitutional claim adequately supported by the record? . . . In those instances in which the Supreme Court . . . has already clearly indicated that the particular claim is or is not of constitutional proportions and therefore reviewable or not reviewable, a summary 'yes' or 'no' answer may be sufficient.

" ' "Third, 'was there, in fact, based on the record, a deprivation of a constitutional right of a criminal defendant?' . . .

" ' "Fourth, 'did the deprivation deny the defendant a fair trial, thereby requiring' that his conviction be set aside. Id. . . ." ' " (Citations omitted.) *State* v. *Bailey,* 209 Conn. 322, 329–30 n.4, 551 A.2d 1206 (1988).

ness may impinge upon the defendant's right to a fair trial before an impartial judge in a neutral atmosphere. *State* v. *Delarosa,* 16 Conn. App. 18, 26–27, 547 A.2d 47 (1988).

We next conduct a limited review of the record to see if the claim is truly of constitutional proportions. *State* v. *Bailey,* supra. The defendant's claim fails under this second question. After a limited review of the record, we conclude that the claim is not truly of constitutional proportions. We find that the interruption was an isolated incident that took place in the context of a seven day trial in which twelve witnesses testified. We take particular note of the fact that the defendant's counsel did not consider the interruption to be significant enough to warrant an objection or a motion for a mistrial. See *State* v. *Mack,* 197 Conn. 629, 642, 500 A.2d 1303 (1985). We conclude that the court's solitary inquiry did not raise the issue to one of constitutional proportions, and we decline to review it.

The main point of the defendant's second claim of error is that, in summarizing the facts during the jury charge, the court marshalled the evidence in a manner that unfairly favored the state. We disagree. It is well established that a court may comment to the jury on the weight of the evidence as long as it does not direct the jury as to how to resolve a particular question. *State* v. *Pyles,* 17 Conn. App. 460, 465, 553 A.2d 1152 (1989). In fact, in some cases it is the trial court's duty to refer to testimony in order to assist the jury in relating the facts to the law. *State* v. *Gallman,* 16 Conn. App. 433, 435, 547 A.2d 932 (1988). Jury instructions must go beyond a mere recitation of legal principles. *State* v. *Sumner,* 178 Conn. 163, 170–71, 422 A.2d 299 (1979); *State* v. *Gallman,* supra. It would be a Herculean task, and not one required under our law, for the trial court to achieve exact parity in the time spent on comments on both the prosecution and defense por-

tions of a case. " ' "[T]he fact that the claims or evidence of one party are stated at much greater length than those of the other does not by itself render the court's summary of the evidence in its charge unfair." ' " *State* v. *LaCasse,* 9 Conn. App. 79, 85, 516 A.2d 145, cert. denied, 201 Conn. 815, 518 A.2d 72 (1986), quoting *Anderson & McPadden, Inc.* v. *Tunucci,* 167 Conn. 584, 592, 356 A.2d 873 (1975).

In the present case the court gave appropriate attention to the evidence of each side and properly referred to relevant evidence to assist the jury in applying the law to the facts. The court's comments on the evidence were not improper.

We have reviewed the remainder of the defendant's claims concerning the trial court's remarks to the jury and conclude that they have no merit.

There is no error.

In this opinion the other judges concurred.