STATE OF CONNECTICUT *v.* ARIEL HERNANDEZ
(7130)
(7131)

DALY, O'CONNELL and FOTI, Js.

Argued January 18—decision released April 17, 1990

*Richard Emanuel,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, were *Mary Galvin,* state's attorney, and *Frank McQuade,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. In the first case, the defendant appeals from the judgment of conviction, after a jury trial, of sale of narcotics by a person who is not drug-dependent, in violation of General Statutes § 21a-278 (b). In the second case, he appeals from the order revoking his probation and putting into effect a suspended sentence imposed for an earlier conviction.

In the first appeal, the defendant claims that the trial court erred (1) in unfairly marshalling the evidence against him in its jury instructions, (2) in refusing to charge that the information and arguments of counsel were not evidence, (3) in denying his motion to dismiss because of prearrest delay, and (4) in denying his motion for a mistrial following improper remarks made by the prosecutor during closing argument. Our resolution of the appeal of the narcotics conviction necessarily controls our disposition of the claim involving the probation revocation. We find no error.

The jury could reasonably have found the following facts. On or about June 12, 1986, the defendant sold cocaine to an undercover police officer attached to the Naugatuck Valley street crime unit. The unit was engaged in an undercover investigation of narcotics trafficking in the Naugatuck Valley. The unit's work was part of a cooperative effort, ending in January, 1987, with the federal drug enforcement administration and the federal bureau of investigation.

Following the conclusion of the unit's investigation, an arrest warrant was issued for the defendant on January 28, 1987. The arrest, however, was not made until June 11, 1987. During this period, the police made

numerous, but unsuccessful, attempts to take the defendant into custody. They placed the defendant's suspected residence under surveillance on many occasions, looked for the defendant in local bars, and also made inquiries among street sources, all of whom denied knowledge of the defendant's whereabouts. Eventually, however, the police learned that the defendant might be planning to leave Connecticut for an unknown Florida destination. Until that time, they had not directly approached the defendant's suspected residence for fear that he might flee if they failed to take him into custody immediately. This fear proved to be unfounded, however. When, as a last resort, an officer knocked at the defendant's door and left word that the police wanted to see him, he called the police station shortly thereafter and turned himself in.

## I

In his first claim, the defendant argues that the trial court, in summarizing the facts during the jury instructions, marshalled the state's evidence to the virtual exclusion of the defendant's. This, he asserts, had the effect of a directed verdict for the state and violated his federal and state constitutional rights to a fair trial.[1] Specifically, he contends that he presented an alibi defense and was entitled to have the court relate to the jury the facts supporting this defense. We do not agree.

We have long recognized that a judge's instructions to the jury may not concentrate solely on the state's case and exclude evidence presented by the defendant, thereby sinking the defendant's case completely out of view. *State* v. *Gallman,* 16 Conn. App. 433, 434–35,

---

[1] Although the defendant purports to rely on both the federal and state constitutions, he offers no separate analysis under the state constitution. Accordingly, we decline to undertake such analysis. *State* v. *Blackwell,* 20 Conn. App. 193, 199 n.5, 565 A.2d 549 (1989).

547 A.2d 932 (1988). It is also true, however, that because the state has the burden of proof, it will often present the majority of the evidence. Consequently, the trial court, when instructing the jury, will more likely than not spend more time discussing state's evidence than the defendant's. *State* v. *LaCasse,* 9 Conn. App. 79, 84, 516 A.2d 145, cert. denied, 201 Conn. 815, 518 A.2d 72 (1986). In this case, the state presented a much greater quantity of evidence upon which the court could comment than the defendant presented.

The defendant was the only witness testifying on his behalf, and his testimony was limited to an assertion that while he could not remember specifically where he was on the night in question, he was not present when the alleged drug sale took place. Therefore, he claims, he could not have made the sale to the undercover officer. The law does not require "exact parity in the time spent on comments on both the prosecution and defense portions of a case"; *State* v. *Cazimovski,* 20 Conn. App. 190, 192–93, 565 A.2d 254 (1989); nor is it error for the court to comment on the claims of one party in more detail and at greater length than those of the opposition. *State* v. *LaCasse,* supra, 85. Whenever a court comments on the evidence, " ' "the charge must to some extent uncover the weakness of a weak case, the difficulties of a difficult case, or the strength of a strong case." . . .' " (Citations omitted.) Id.

Furthermore, it is rudimentary jurisprudence that the jury charge must be considered as a whole to see if the case was fairly presented to the jury. *State* v. *Sinclair,* 20 Conn. App. 586, 597, 569 A.2d 551 (1990). The jury was properly instructed on at least two occasions that *its* recollection of the evidence, and not the trial court's, was controlling.[2] The charge, taken as a whole,

---

[2] The court properly included an instruction that "[i]f I refer to certain facts or to certain evidence in the case you are not to assume that I mean

was proper, and the trial court did not direct the jury as to how to decide the case. See *State* v. *Sinclair,* supra.

## II

### A

The defendant's next claim of error arises from the court's failure to instruct the jury that the information was not evidence but was merely the formal means of accusing the defendant of a crime.[3] Whether the requested instruction is required is a question of first impression in Connecticut, and there is a split of authority in other jurisdictions. The defendant cites numerous cases from other jurisdictions supporting his contention that failure to include this charge constitutes reversible error. See, e.g., *United States* v. *Scales,* 594 F.2d 558, 561–62 (6th Cir. 1978), cert. denied, 441 U.S. 946, 99 S. Ct. 2168, 60 L. Ed. 2d 1049 (1979); *United States* v. *Downen,* 496 F.2d 314, 320 (10th Cir. 1974), cert. denied, 419 U.S. 897, 95 S. Ct. 177, 42 L. Ed. 2d 141 (1975). The state, on the other hand, points to several decisions holding that the failure to charge as the defendant asks is not error if the jury has been properly instructed on the presumption of innocence and

thereby to emphasize with any particularity those facts or that evidence, nor must you limit your consideration only to them. Should I overlook any evidence in this case, and I undoubtedly will, you will supply it from your own recollection. And I say that because it is not my function to repeat to you my recollection of all the evidence in the case."

The court concluded its instruction with the remarks that "[i]f I may have made any reference to the position of the state or of the defendant or more of the one than of the other, it is not my intention to convey to you directly or indirectly how the court feels as to what should be the outcome of this case."

[3] The defendant sought the following instruction: "I remind you that the piece of paper containing the charge, the information is not evidence, but is merely the formal manner of accusing a person of a crime. You must not consider it as evidence of guilt or draw any inference of guilt from the fact that the accused has been arrested and charged."

the burden of proof beyond a reasonable doubt. See, e.g., *United States* v. *Martin,* 223 F.2d 666, 667 (2d Cir. 1955); *State* v. *Keffer,* 3 Or. App. 57, 62, 471 P.2d 438 (1970).

We conclude that the cases relied upon by the state represent the better reasoned approach and we adopt the rule contained therein. The trial court clearly informed the jury that it was to base its verdict solely on the evidence and the court's instruction on the law. A full and complete instruction on the presumption of innocence was given, and the court repeatedly told the jury that the state had the burden of proof on each and every element of the crime. In view of these detailed instructions, the jury was not misled into viewing the information as evidence of guilt. *State* v. *Keffer,* supra. The instruction sought is unquestionably a correct statement of the law,[4] but failure to give every correct statement of the law does not ipso facto constitute error. We decline to adopt a rule that failure so to instruct is, per se, error.

## B

The defendant also claims that the trial court erred in not giving his requested instruction to the effect that the final arguments of counsel were not evidence. The failure of the court to charge in the explicit language of the defendant's request is not error if the point was fairly covered in the charge as given. *State* v. *Colton,* 174 Conn. 135, 141, 384 A.2d 343 (1977). The instruction as given here adequately addressed the defendant's concerns.

## III

The defendant claims that the trial court erred in denying his motion to dismiss because of prearrest

---

[4] See *State* v. *Avis,* 209 Conn. 290, 307, 551 A.2d 26 (1988), cert. denied, 489 U.S. 1097, 109 S. Ct. 1570, 103 L. Ed. 2d 937 (1989); 5 Connecticut Practice, D. Borden & L. Orland, Criminal Jury Instructions § 2.8.

delay. Although " '[t]here is no constitutional right to be arrested' "; *State* v. *Echols,* 170 Conn. 11, 16, 364 A.2d 225 (1975); a prearrest delay may, under some circumstances, implicate a defendant's due process rights. Id., 17. In order to establish a due process violation because of prearrest delay, the defendant must demonstrate both that actual and substantial prejudice resulted from the delay and that the delay itself was wholly unjustifiable. *State* v. *Morrill,* 197 Conn. 507, 522, 498 A.2d 76 (1985).

The gist of the defendant's claim of prejudice is that the delay impaired his ability to present a specific or concrete alibi defense. He argues that because a year had elapsed between the crime and his arrest, he could not remember where he was or with whom he was at the time of the crime. Thus, he claims, it was impossible for him to secure witnesses on his behalf who could recall the events of the evening in question. The defendant's claim of prejudice is speculative at best. It is well established that vague assertions of dimmed memory and inability to locate possible witnesses are not enough to demonstrate actual prejudice. See *State* v. *John,* 210 Conn. 652, 686, 557 A.2d 93, cert. denied, U.S. , 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989) (five year prearrest delay found not to be prejudicial); *State* v. *Littlejohn,* 199 Conn. 631, 645–47, 508 A.2d 1376 (1986) (over four year prearrest delay not prejudicial despite defendant's claim of failed memory). Accordingly, the defendant failed to demonstrate that actual and substantial prejudice resulted from the delay. Therefore, the trial court properly denied his motion to dismiss.

## IV

The defendant grounds his final claim of error on remarks he contends were made by the state's attorney during closing argument. Because the arguments

of counsel were not transcribed by the court reporter, we have no basis on which to review this claim. *State v. Mendez,* 15 Conn. App. 531, 538–39, 545 A.2d 587, cert. denied, 209 Conn. 810, 548 A.2d 441 (1988).

With remarkable prescience, the defendant anticipated this ruling and claims in the alternative that the trial court erroneously denied his motion for a mistrial because the arguments were not recorded. This claim has no merit. Arguments of counsel are not recorded unless requested by one of the parties. General Statutes § 51-61 (a).[5] Because the defendant did not make such a request, he has no grounds upon which to claim error. Failure to request recording of arguments is deemed consent to their omission from the record. *State v. Gasparro,* 194 Conn. 96, 110, 480 A.2d 509, cert. denied, 474 U.S. 828, 106 S. Ct. 90, 88 L. Ed. 2d 74 (1984).

V

In the second appeal, the defendant claims that the trial court erred in revoking his probation for an earlier, unrelated criminal case. His conviction of the sale of narcotics in violation of General Statutes § 21a-278 (b) constituted the alleged violation of probation. Since we find no error on the appeal from that conviction, it follows that there is no error here.

There is no error on either appeal.

In this opinion the other judges concurred.

---

[5] The pertinent part of General Statutes § 51-61 (a) provides as follows: "[The court reporter] shall attend the court and make accurate records of all proceedings in the court, *except . . . the arguments of counsel,* provided upon the request of any party, he shall make accurate records of the arguments of counsel." (Emphasis added.)