STATE OF CONNECTICUT *v.* WILLIAM J. SAFFORD
(7867)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued January 12—decision released May 8, 1990

*Leon M. Kaatz,* special public defender, with whom, on the brief, were *Gene Cohen* and *Ronald D. Peikes,* for the appellant (defendant).

*James A. Killen,* assistant state's attorney, with whom, on the brief, were *John Bailey,* state's attorney, and *Warren Maxwell,* assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of the crimes of sexual assault in the first degree in violation of General Statutes § 53a-70 (a), and unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a). The defendant claims that the trial court erred in denying his pretrial motion to dismiss the jury and to select a new jury because the jurors had been told during voir dire that the defendant was charged with two separate alleged sexual assaults.[1] This motion was made after the state chose to proceed with only one of the two charges. We find no error.

The jury could reasonably have found the following facts. On Saturday, July 18, 1987, the victim was working at the Holiday Health Club in West Hartford, where she was employed as a weekend manager. She closed the facility at approximately 8 p.m. after everyone had left. After locking up, she also left the club, planning to get something to eat and then to return to do paperwork. She attempted to start her car, but discovered that it was out of gas. She tried to call a number of people for assistance and eventually contacted the defendant's brother, John Safford, who also worked at the health club. He arrived about forty-five minutes

---

[1] The defendant raises two additional claims that allegedly stem from the state's choice not to proceed with the second information. First, he claims in his brief that he was denied the right to cross-examine and confront all witnesses against him. This claim is subsumed by our resolution of the primary claim. Second, the defendant claimed during oral argument that he was deprived of the opportunity to present a defense of consent. Because this argument was never briefed by the defendant, we consider it abandoned.

later accompanied by the defendant, whom the victim had never met before. John Safford brought a gallon of gasoline, and the victim put it in her gas tank. At this time, the defendant and his brother left the area and the victim returned to the health club to continue her paperwork.

Approximately one hour later, the defendant and his brother returned to the health club and knocked on the front door. The victim let them in and allowed the defendant to use the whirlpool. While the defendant was using the facilities, the victim and John Safford went to the front office and the victim continued her paperwork. Sometime thereafter, the victim told John Safford to get the defendant so that she could close up and leave. She began to shut off some of the equipment. As she walked past the pool to turn off the whirlpool she passed the defendant and his brother. Both of the men were fully clothed and heading toward the front entrance. A few minutes later, when the victim proceeded to turn off the whirlpool and the lights in that area, she turned and saw the defendant standing naked in front of her. He pushed her against the door saying that he wasn't going to hurt her. She attempted to get away but he pushed her into the steam room where she fell backward and hit her head. He then began hitting her as she continued to struggle with him. At one point, the defendant began strangling her with both hands until she could not breathe. The victim stopped struggling, saying, "Just don't hurt me, don't strangle me." The defendant then proceeded to sexually assault her. At some point during the assault the victim blacked out. When she regained consciousness she saw the defendant sitting on the bench next to her. She then grabbed her clothes and ran out to the front of the health club. The defendant and his brother left the premises shortly thereafter.

In July, 1987, the defendant was arrested on two separate warrants, one for this incident and a second, with identical charges, for an incident that allegedly took place the following day at the Holiday Health Spa in Avon. The Avon and the West Hartford assaults were originally scheduled to be tried together. The defendant filed a motion to have the two cases severed. That motion was denied and on July 11, 1988, the parties began jury selection. Because the two assaults were to be consolidated for trial, the court made brief references to the fact that the defendant was being charged with two separate incidents during its preliminary instructions to the venire from which the jury was selected. Defense counsel also referred to the two incidents during his voir dire of some of the prospective jurors. After jury selection was completed, but before the jury was sworn in, the state chose not to proceed with the Avon case. The defendant then moved to dismiss the jury and to select a new one, arguing that the jury's knowledge of the defendant's other charges would be overly prejudicial to him. The court denied the motion and immediately instructed the jury that they should completely disregard the Avon information.[2] The court further informed the defendant that

---

[2] The court instructed the jury as follows: "In this case you were originally told that the state was proceeding on two informations. The state is presently only proceeding on one of those informations charging the two violations of sexual assault first degree and unlawful restraint in the first degree with reference to the West Hartford case only. So you will completely disregard the fact that there was another information charging anything with reference to Avon. Put it out of your mind as though it never happened.

"As I indicated to you in my preliminary charge to you, the purpose of an information is merely to advise a defendant of what he is charged with. It has no evidentiary effect in any way, and you are now going to have nothing to do whatsoever with that. You should disregard in any way what the reasons may have been for that decision. They are just not relevant to the decision you are going to make in this case. You are going to hear evidence with reference to an alleged incident that took place in West Hart-

an appropriate request to charge would be entertained by the court if he submitted one at the close of the trial.[3]

The defendant alleges that the jury was so tainted by its knowledge of the Avon charges that he was deprived of his right to a trial by a fair and impartial jury. We do not agree.

As a preliminary matter, we note that if the jury had been sworn in when the state dropped the Avon charges, a motion for a mistrial would have been the appropriate vehicle for the defendant to raise this challenge. Practice Book § 887. Because the defendant's motion to dismiss the jury is sufficiently analogous to that for a mistrial, however, we will employ the same standard of review as that applied to a motion for mistrial.

In light of the above, we must now determine whether the trial court abused its discretion in denying the defendant's motion. *State* v. *Vass,* 191 Conn. 604, 613, 469 A.2d 767 (1983). The trial court possesses wide discretion in passing on such a motion; *State* v. *Moye,* 199 Conn. 389, 395, 507 A.2d 1001 (1986); *State*

---

ford, Connecticut, and you will determine the guilt or innocence of this defendant solely based on the evidence you hear in this case on that incident.

"So I don't think I can make it any clearer to you and I think you understood originally during your questioning that even if you were to have heard more than one case together, you had to keep them totally separate. So your role is actually even easier. That was probably going to be a harder thing than what you are doing now. Just totally disregard the fact that originally the accused was charged in two informations."

[3] Although the defendant did not submit a request to charge on this issue at the completion of trial, the court in its final charge stated: "In this case the defendant, as you know, was originally charged in two separate informations. Before this trial began and before you were sworn, the state made a decision to proceed on only one of those informations. You will completely disregard that decision and the fact that there was another information at the beginning of this case in arriving at your verdict in this case. You must treat it, that fact, as if it didn't occur, and it can be given no effect, weight or inference either for or against the state or for or against the defendant. You must just put it out of your mind as though it did not happen."

v. *Jackson,* 3 Conn. App. 132, 136, 485 A.2d 934 (1985); it should be granted only where it is apparent that the defendant has been deprived of the opportunity for a fair trial; *State* v. *Gonzalez,* 13 Conn. App. 40, 43, 534 A.2d 623 (1987). "The ultimate question on a [motion to dismiss the jury] is whether there was 'substantial and irreparable prejudice to the defendant's case.' " *State* v. *Kluttz,* 9 Conn. App. 686, 705, 521 A.2d 178 (1987).

We cannot conclude that the trial court's refusal to dismiss the jury was either arbitrary or unreasonable, or that the defendant suffered substantial and irreparable prejudice by the court's denial of his motion under these circumstances. The jury was aware that there were two separate matters, and had indicated during defense counsel's voir dire questioning that they could keep each case separate during the deliberation process. The responses of the jurors themselves, while not determinative, are significant. Further, the trial court's pretrial instructions to the jury included specific directions to disregard the Avon charges as well as instructions that an information was merely an allegation which had no significance in terms of the defendant's guilt or innocence and that no inference of guilt could be drawn from the fact that the defendant had been charged on two separate informations. See *State* v. *Hernandez,* 21 Conn. App. 235, 240–41, 573 A.2d 5 (1990). Similar instructions were given by the court during its final charge.

The curative instructions, to which the defendant failed to take any exception, were given appropriately and thoroughly addressed the circumstances at hand. The court directed the jurors to disregard completely any prior references to the Avon charges originally filed against the defendant. "The jury, in the absence of a fair indication to the contrary, is presumed to have followed the instructions of the court." *State* v. *Glenn,*

194 Conn. 483, 497, 481 A.2d 741 (1984); *State* v. *Moye,* supra, 396. There is no fair indication to the contrary in the record. See *State* v. *Rodriguez,* 210 Conn. 315, 333, 554 A.2d 1080 (1989).

The defendant argues that the court should have supplemented its curative instructions with an individual voir dire to determine whether each juror could remain unbiased after the state chose not to proceed on the Avon case. The record is devoid of any indication that the defendant ever suggested such a procedure to the trial court, nor did he present an argument or attempt to show that the jurors' indication that they could keep each case separate during deliberation was somehow unreliable.

"In appeals involving a claim that a criminal defendant's jury was not impartial as constitutionally mandated because of some incident involving the jury, our focus is not solely on the alleged incident, but also on whether ultimately that incident generated prejudice such that the defendant was denied his right to a fair trial. 'The trial judge is the arbiter of the many circumstances which may arise during the trial in which his function is to assure a fair and just outcome.' *State* v. *Bausman,* 162 Conn. 308, 312, 294 A.2d 312 (1972); *State* v. *Brigandi,* [186 Conn. 521, 543, 442 A.2d 927 (1982)]." *State* v. *Rodriguez,* supra, 333. The trial court did not abuse its discretion in denying the defendant's motion to dismiss the jury. This defendant received a fair trial.

There is no error.

In this opinion the other judges concurred.