[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE PETITION FOR NEW TRIAL
On June 23, 1988, Petitioner Cazimovski was convicted after a full jury trial in Superior Court for the Judicial District of Waterbury of three counts of sale of narcotic substance in violation of Connecticut General Statute Section 21a-277a. The jury found that these sales were made by Petitioner to undercover officers, Detective John Merullo and Trooper Leslie Norcia serving with the Statewide Narcotics Taskforce. The jury found these sales to have been made at the Vegas Cafe in Waterbury on or about October 14, October 20 and November 3, 1987. Subsequent to his conviction, Petitioner was sentenced to a total effective sentence of twenty-five years suspended after fifteen years, five years probation by Thomas Sullivan, J. on August 12, 1988. The case was thereafter appealed and the Connecticut Appellate Court found no error. State v. Cazimovski, 20 Conn. App. 190, decision released October 31, 1989.
By petition for new trial, dated November 14, 1989, this action was returned to this court. The underlying basis of the petition is the claim of newly discovered evidence. The newly discovered evidence alleged is that one of the same officers involved in this case, alleged in another warrant issued after the conclusion of petitioner's trial, that she had made another cocaine purchase from another individual in the Vegas Cafe on one of the dates that she had purchased cocaine from petitioner. Further, it was claimed by petitioner that the second case was dismissed against one Ibraim Maksudovski because of an alleged misidentification of him by the officer.
Petitioner claims that his principal defense at trial was mistaken identity and that the credibility of Trooper Norcia and Officer Merullo was the key issue. Further, it is claimed that no one informed petitioner at or before his trial that there were investigations of other persons being conducted at the Vegas Cafe at the same time.
The granting or denying of a new trial rests in the discretion of the trial court. City of Meriden v. Rogers,111 Conn. 115 (1930); Speed v. Delibero, 215 Conn. 308 (1990). Judge Thomas Sullivan had commenced a hearing on this matter but had become incapacitated. Therefore a mistrial was declared and the court, after thoroughly reviewing the entire transcript of the criminal trial, conducted a de novo hearing of several days on the petition.
The classic tests for determining whether a petition for a new trial should be granted when it is claimed that other evidence was discovered after the conclusion of a trial are as follows:
1. Evidence was newly discovered; CT Page 974
2. Could not have been discovered by the exercise of due diligence for use in the original trial;
3. Such evidence was material;
4. Such evidence was exculpatory, and;
5. The verdict probably would have been different at the original trial had the later discovered evidence been presented to the jury. Carrione v. State, 3 Conn. App. 633, 635 (1985), citing Kubeck v. Foremost Foods Co., 190 Conn. 667, 670 (1983); Burr v. Lichtenheim, 190 Conn. 351 (1983) and Reilly v. State,32 Conn. Sup. 349 (1976).
Petitioner's claim that the evidence was newly discovered is well taken. Evidence, if considered exculpatory, that another investigation of another individual was ongoing at the Vegas Cafe contemporaneously with the investigation of the petitioner could have been adduced at the time of petitioner's trial had anyone asked the questions of the arresting officers. Granted, however, no other arrest was made until after petitioner was tried and found guilty. However, this court cannot find that such evidence was exculpatory.
Further, petitioner claims that the arresting officer had misidentified the party arrested subsequent to petitioner and because of that, if that misidentification had been known to the jury, it somehow would have resulted in defendant's being found not guilty. This court, however, does not find that petitioner sustained his burden of proof in establishing such misidentification of Maksudovski. Further, even if he had, this court cannot find that the verdict probably would have been different.
New trials are not granted upon newly discovered evidence which discredits a witness unless the evidence is so vital to the issues and so strong and convincing that a new trial would probably produce a different result. Turner v. Scanlon, 146 Conn. 149,163 (1959); Demers v. State, 209 Conn. 143, 148 (1988).
Certainly, proper identification of petitioner is a vital issue, but the same was vigorously contested at the time of the original trial. Identification by the officers was not based on a one-time contact but on an overall, extensive course of conduct and ongoing dealings involving several sales on diverse dates. Further, the claimed misidentification at the original trial did not involve said Maksudovski but rather, someone named Tajildeen.
The basic question which this court has to decide is whether upon all the evidence an injustice had been done. This court does CT Page 975 not so find.
Therefore, petition for a new trial is denied.
/s/ KULAWIZ, J.