[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner in this Habeas Corpus action claims he is CT Page 5150 unlawfully imprisoned. His grounds are ineffective assistance of both trial counsel and appellate counsel.
The petitioner was charged with two separate sexual assaults, the first allegedly occurred on July 18, 1987 in West Hartford and the second on the day following in Avon. He was arrested on two separate warrants but both cases were scheduled to be tried together. The petitioner moved to have the two cases severed but his motion was denied.
On July 18, 1988 jury selection commenced and the jurors were told during voir dire that they would be trying two separate charges of sexual assault. On July 25, 1988, the State's Attorney informed the Court that it would be proceeding with one file only — the West Hartford case — this occurring after determining that recently discovered medical records concerning the alleged victim in the Avon case could cause delay necessitated by further investigation and a probable evidentiary hearing. Petitioner's trial counsel objected to trying the case before a jury which knew he had been charged with a second sexual assault, and moved to dismiss the jury on the grounds of their [prejudicial] knowledge of the second case. That motion was denied. The Court gave a curative instruction to the jury at that time.
The petitioner was found guilty, by the jury, of sexual assault, first degree and unlawful restraint, first degree.
In February 1989, the petitioner pleaded guilty to sexual assault first degree and unlawful restraint, first degree in connection with the Avon charges and received a concurrent sentence with the sentence he received for the prior conviction.
He appealed the West Hartford conviction claiming trial court error in denying his motion to dismiss the jury after the state chose to proceed with only one of the charges. The Appellate Court found no error and affirmed the conviction. State v. Safford, 21 Conn. App. 467 (1990).
Claims against Trial Counsel
A. Petitioner claims that counsel failed to request a lesser included charge of sexual assault, 3rd degree to the charged offense of Sexual Assault, 1st degree. CT Page 5151 Trial counsel testified that the evidence did not support requesting such a charge. The theory of defense was that the defendant was not present at the health spa where the assault occurred. The victim testified that there was digital and penile penetration of her vagina. There was no evidence to support the petitioner's claim that the jury could have found merely fondling. The defense sought a not guilty verdict in this case and there was no basis to argue that a lesser crime occurred. See Fair v. Warden, 211 Conn. 398, 404
(1989).
B. Petitioner claims that counsel failed to request a "merger" charge that the unlawful restraint was incidental to the sexual assault, however the evidence does support the jury finding that a restraint occurred apart from the sexual assault. It also supports a finding that the general verdict could have encompassed both digital and penile penetration. Again, the theory of defense in this case was alibi. Attempting to fault counsel's strategy on these matters now in hindsight after the petitioner was convicted does not persuade the Court that his representation fell below the standard of performance required. Aillon v. Meachum, 211 Conn. 352, 356-7 (1989).
C. Petitioner claims that trial counsel failed to adequately investigate his background, however trial counsel did do an appropriate investigation. He or his investigator spoke to the alibi witnesses, determined the extent of his medical condition, and made an informed decision not to ask his doctor to testify based on the petitioner's claim that he was home from work sick on the day of the assault. Although the alibi witnesses testified that he was home, the doctor could not have stated that, and medically, he was not so infirm as to be unable to go out. The petitioner had been medically cleared to return to work for light duty.
D. The petitioner claims an Avon police photograph was submitted to the jury with the inscription "Avon Police Department" left uncovered. Defense counsel testified that he moved for the admission of the photograph as it supported his argument that the victim had misidentified the petitioner. The jury was already aware of the Avon CT Page 5152 arrest and his strategy was not to mask the photograph since they had nothing to hide and was afraid that it might alienate the jury to mask what the jury already knew. That strategy appears to the Court to be a reasonable trial tactic, and did not affect the trial outcome.
E. Trial counsel moved to dismiss the jury after the Avon charge was withdrawn and before the jury was sworn. The Appellate Court viewed this as analogous to a motion for mistrial and determined the trial court did not abuse its discretion in denying the motion. Petitioner's claim that his attorney should have later moved for a mistrial could not have affected the outcome of the trial under these circumstances. Levine v. Manson, 195 Conn. 636, 640 (1985).
F. Petitioner complains that counsel should have disqualified himself from subsequently representing the petitioner in the Avon case wherein he pled guilty and received a concurrent sentence. He has failed to prove there was a conflict requiring such an action on the part of counsel. There is no validity to the claim.
G. Petitioner complains that trial counsel failed to secure the attendance of a key alibi witness. The petitioner claimed that counsel had not contacted his girlfriend, Juliana Rice, who lived in New York City. The evidence, however, was that the attorney or his investigator had talked to Ms. Rice, that she indicated a willingness to come to Hartford to testify, that transportation had been arranged by counsel for the witness to come from New York City, including arrangements for her pickup at the bus terminal. Despite those arrangements the potential witness did not come. Her testimony was cumulative and she was not a critical witness. She had left the petitioner's apartment for work prior to the time the crime occurred. Counsel's action in this matter was not below the standard required nor has petitioner shown the likelihood of a different result.
H. Petitioner claims that counsel was remiss in not propounding a consent defense. Of course, that would have been inconsistent with his claim that he was not at the scene at all, and unwarranted by any evidence presented CT Page 5153 or information give to the attorney. The reason for claiming this as a reason for finding ineffectual assistance eludes the Court and cannot lead the Court into making such a finding.
Claim against Appellate Counsel
Petitioner claims that appellate counsel failed to brief the issue that he was deprived at trial of the opportunity to raise a defense of consent and was, therefore, ineffective.
Simply, there was no evidence that consent was a defense claimed by petitioner, and no basis for appellate counsel to pursue the claim.
Conclusion
In order to prevail on a claim of ineffective assistance of counsel the petitioner must show:
 1. that counsel's performance was so deficient and his errors so serious that he was not functioning as ---[counsel] and
 2. Those errors resulted in depriving the petitioner of a fair trial. Levine v. Manson, 195 Conn. 636, 640 (1985).
The Court concludes that the petitioner received a fundamentally fair trial. Lovelace v. Lopes, 632 F. Sup. 306,311, aff'd 802 F.2d 443 (2d Cir. 1986), and that petitioner has not shown either trial counsel or appellate counsel provided him with ineffective assistance. The petition is dismissed.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court