[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
INTRODUCTION
The matter before the court is defendant's motion to dismiss the charges in the captioned case on the ground that a delay of eighteen months from the conclusion of the state's investigation CT Page 6113 in this case to the issuance of a warrant for the defendant's arrest was wholly unjustified and resulted in actual substantial prejudice to the defendant.
A hearing was held on this motion at which no testimony was offered and the only things introduced into evidence were copies of the State Police report concerning the investigation of this incident, a report from St. Francis Hospital and the application for the warrant for the defendant's arrest.
DISCUSSION
In State v. Hart, 23 Conn. App. 746 (1995), the Appellate Court stated the elements of a claim of prearrest delay, as follows:
 The defendant must show more than a mere delay, however, between the offense and the arrest to establish an unconstitutional prearrest delay. In order to establish a due process violation because of prearrest delay, the defendant must show both that actual substantial prejudice resulted from the delay and that the delay was wholly unjustified, as where the state seeks to gain a tactical advantage over the defendant. (citations omitted.)
Id., 751.
The defendant's claim of actual substantial prejudice, as framed in his brief, is:
 ". . . that not only is the defendant's memory affected even in any manner whatsoever due to the time delay [sic], but that the alleged victim (of tender years) is two years older, has undergone counseling and unquestionably is a very different witness from what she was even at the — time the investigation ended . . ."
In State v. Hernandez, 21 Conn. App. 235 (1990), the court stated: "It is well established that vague assertions of dimmed memory . . . are not enough to demonstrate actual prejudice." (citations omitted.) Id., 242.
In the absence of any testimony supporting the defendant's claim that his own memory has been affected by the passage of eighteen months or that the personality/character/maturity of the CT Page 6114 alleged victim has been affected in a way which affects credibility, his claims cannot be characterized as more than the "vague assertions of dimmed memory" which the Hernandez Court found inadequate to demonstrate actual substantial prejudice.
CONCLUSION
The defendant's motion to dismiss is denied.
Levine, J., J.